SCHOTT, Judge.
Plaintiff alleged that it was the holder in due course of a promissory note executed by defendant on April 3, 1975, in the original sum of $480 on which credits of $140 were due, leaving a balance of $340 plus interest and attorney’s fees.
*738 Defendant denied that plaintiff was a holder in due course and reconvened alleging that he had purchased a lifetime membership in East Side Health Club for which the instrument sued on had been signed. He further alleged that plaintiff was the assignee of the contract between him and the health club and as such had assumed the obligations of the club, and he further alleged that the club went out of business in November, 1975, after he had made seven payments. He prayed for a return of his payments as well as the value of his lifetime membership.
The trial judge awarded to plaintiff a judgment for $340. He also awarded to defendant a judgment for $9,000 on his reconventional demand. From this judgment plaintiff has appealed.
The instrument sued on is entitled “Retail Installment Contract.” The first part of the form contains the name and address of defendant as buyer, the name and address of the health club as seller, and information as to employment, assets and credit record of defendant. It states that the description of the article sold and/or services rendered is “lifetime.” The price is given as $480, all of which was to be financed. Following this section of the form there begins a section entitled “Negotiable Paper.” It then recites:
“FOR VALUE RECEIVED, the undersigned Buyer(s) jointly, severally, and in solido, promise to pay to the order of named Seller the amount shown above as TOTAL OF PAYMENTS in 24 monthly payments of $20.00 final payment to be $_commencing 5-15, 1975 and the same day monthly thereafter until paid in full.”
On the reverse side of the instrument is a standard acceleration clause, provisions for attorney’s fees of 20% or a minimum of $50 in the event of a default, and the following:
“Buyers agree that Seller may at any time sell, transfer or assign this note and contract and that all terms herein set forth for the benefit of the Seller shall inure to the benefit and operate in favor of such successors or assignees. Buyers hereby waive as against such successors and assigns all defenses and all right of recoupment set-off and counterclaim which he has or ever might have against the Seller. If this note and agreement are assigned, all payments shall be made at the office of the assignee.”
At the time this transaction was completed R.S. 9:3533 and 3534 (Act 454 of 1972 subsequently repealed by Act 446 of 1976) were in effect. Pursuant to these statutes, following plaintiff’s purchase of the instrument on May 6, 1975, it was required to send a notice of assignment to defendant in order to qualify as a holder in due course. The notice of assignment must comply with the requirements set forth in § 3534. This includes:
“(3) The notice of assignment or transfer shall state that if written notification of the complaints, claims or defenses is not received by the assignee or transferee within the 30-day period, the assignee or transferee or any subsequent assignee or transferee will have the right to enforce the contract free of any claims or defenses the consumer may have against the extender of credit.” (Emphasis added)
However, the notice given by plaintiff was as follows:
“If written notification of any .complaints, claims or defenses the buyer may have against the seller is not received by the assignee within the 30 day period, the assignee will have the right to enforce the contract free of any claims or defenses the buyer may have against the seller which have arisen before the end of the 30-day period after notice was mailed.” (Emphasis added)
There is a substantial difference between the wording required by the statute and that used by plaintiff. Instead of warning defendant that “any claims or defenses” would be lost, plaintiff’s notice was that only some claims or defenses would be lost, namely, those arising within 30 days after notice. Defendant was not informed by this notice that he would lose all defenses. In fact, he was not notified that he would lose the kind of defense he asserts in this *739 case, namely, that the club closed at a later date.
We have concluded that plaintiff shall not be deemed a holder in due course pursuant to § 3533. As a result, the claim is subject to the defense of failure of consideration available against the health club.
As to the reconventional demand, the award by the trial judge was inconsistent with § 3534(3)(b) which provides as follows:
“To the extent that under this section an assignee or transferee is subject to claims or defenses of the consumer against the extender of credit, the assignee’s or transferee’s liability under this section may not exceed the amount owing to the assignee or transferee at the time the claim or defense is asserted against the assignee or transferee and rights of the consumer under this section can only be asserted as a matter of defense to or set-off against a claim by the assignee or transferee.”
Thus, the judgment on the reconventional demand is reduced to the amount of plaintiff’s claim with the result that plaintiff’s claim is extinguished and its case dismissed.
AMENDED AND AFFIRMED.